■ OPINION of the Court, by
Judge Owsxey.
-Tilts *s an appeal from a judgment of the Warren circuit court, awarding a writ of consultation in a proceeding ¡>y prohibition in that court, had at the instance of the-)c]lant 1‘ -
. „ ...... , 1 he object. Or the writ ot prohibition was to prevent the county court of Warren from proceeding to a deter-,itmation °f various appeals depending before it, and whicli bad been taken by the appellant, Reese,. from judgments awarded against hint by justices of the peace j„ favol. 0f Lawless, (a)
Thereis no question but what the subject matter of the appeals is cognisable in the circuit court, and ought !lüí; to have been brought into discussion in the county court j but whether the circuit court ought in a proceed-ing by prohibition to have prevented the county court fwm deciding upon those appeals, we are ⅛ this case called upon to determine.
so anywhere, sjggGt&cally given by statute; and if it should be. cxerciscd by the circuit court over the county court, it must be on account of its original jurisdiction over th» subject matter in contest.
In England, according to the settled doctrine of the law, the courts of Westminster do, by prohibition, pre-vent the inferior courts of the kingdom from proceeding -m cases cognisable before them — (5 Bac. 648.), court of - common pleas, as well as that of th» *395 lung’s 'tendí, exercise jurisdiction inhuch cases, not however under any controlirig* power specifically given to them over the inferior courts, but in virtue of their original jurisdiction over the subject matter in controversy.
If then we are correct with respect to the English practice, and the principles upon which it is founded, it follows pretty clearly that the circuit courts, whcrc-■cver they possess jurisdiction over the subject matter in contest, have the right to award writs of prohibition against courts of inferior jurisdiction.
This, however, we apprehend may be exercised either at the instance of the plaintiff or defendant. At the instance of the defendant, it would certainly be proper to award the writ; and it is held the plaintiff may obtain it against bis own suit — Bac. Abr. title Prohibition, letter C. It follows, therefore, that the writ oí prohibition in the present case was properly awarded ; and that upon a final trial, the writ of consultation was improperly awarded.
The judgment must be reversed, the cause remanded to the court below, and judgment there entered according to the principles of this opinion.

 Theft f rejemtkns were ■ tj warrants » j^^jyTrjr ⅛ fiatutt of Xmtacfy rt Wyp- l6jJr .'ferfoMfir 0°". ciará, contrary totbeaafortbe ferriedmM