IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

JULY TERM, 1866, AT JEFFERSON CITY.

R. H. HOWARD AND OBADIAH EDWARDS, Respondents, *v.* Rev. J. N. PIERCE, Appellant, AND JUSTICES OF COOPER COUNTY COURT.

1. *Prohibition—Jurisdiction.*—The Circuit Court may issue a writ of prohibition to forbid any judicial proceeding by an inferior court beyond its proper jurisdiction. Where the Circuit Court has jurisdiction of the subject matter, it has power to issue this writ to any inferior court.
2. *Prohibition—Judgment.*—The proper method of enforcing a writ of prohibition if it be disobeyed, is by an attachment for contempt for disobedience to the order, and not by the issuing a writ of restitution or execution.

### Appeal from Cooper Circuit Court.

This case was commenced in the Cooper Circuit Court by filing a petition, praying for a writ of prohibition to issue against the County Court and John N. Pierce, stating that the plaintiffs were trustees of the Methodist Episcopal Church South, situate in the city of Boonville, on the south half of lot No. 238 on the plat of said city, and that they as such trustees were in the actual and rightful possession of said church property, and that they and the persons under whom

Howard et al. v. Pierce.

they claim have had the actual and adverse possession of said church for more than twenty years, claiming the same as the property of the Methodist Episcopal Church South ; and that the defendant John N. Pierce applied by petition to the County Court of Cooper county at the February term, 1866, and in said petition asked said County Court to put him, the said Pierce, in possession of said church ; and further stating in said petition that said County Court, or a majority of the members of said court, assumed to act on said petition, and did in fact entertain said petition, and made an order and caused the same to be entered upon its records, declaring in said order who are the owners and entitled to the possession of said church. The petition further stated that said court, in assuming to act on said petition, exceeded its powers; that said court had no jurisdiction over the subject matter in said petition, and praying a writ of prohibition to the said County Court and John N. Pierce to prohibit them from proceeding to enforce said order, &c.

Upon this petition a writ of prohibition issued returnable to the Circuit Court on the 19th day of February, 1866, and upon the return thereof the defendants moved to quash the writ of prohibition, which motion was overruled, and judgment was entered by the court making the writ of prohibition absolute, and ordering a return of said church property to the plaintiffs. The court adjourned till the fourth Monday of May, 1866. Upon the fourth Monday of May, at a session of the Circuit Court, the defendants by their attorney filed and argued a motion to vacate and set aside the judgment. The motion was overruled, to which the defendants excepted.

The defendant John N. Pierce, at the session of said court, made and filed an affidavit and recognizance for an appeal to the Supreme Court, which was approved by the said Circuit Court and an appeal allowed. The defendant Pierce then made a motion that all proceedings be stayed till the decision of the Supreme Court be had, which was refused by the court, and a writ of restitution was thereupon ordered to issue *instanter*, to which the defendant excepted.

*Fuller,* and *Gabin & Vickory,* for appellant.

I. Prohibition is a special proceeding in the nature of a *mandamus,* restraining an inferior court not having jurisdiction from exercising judicial power. It is not a remedy to determine the right of parties to the possession of personal or real property. It will not lie where there are other adequate remedies—2 Metc. (Mass.) 296; 2 Hill (N. Y.), 367; 1 Hill, 195; N. Y. Prac. 204; 2 Black. Com. (Sharswood's ed.) 112–13.

II. The petition is an affidavit for the issuing of the writ of·prohibition, and must state facts sufficient to warrant the judgment, which must be consistent with the law and practice in prohibition and the relief prayed for in the petition— 5 Sanf. (N. Y.) 557; 2 Pai. Ch. (N. Y.) 396; 8 Mo. 267; 2 N. Y. Prac. (Tiff. & Sm.) 203–5.

The plaintiffs should have stated in their petition, in full, the order made by the court; without that, the Circuit Court could not determine whether the County Court acted judicially, or exceeded its jurisdiction, in making said order—17 Mo. 507; 11 Mo. 219. The petition should state that the plaintiffs were injured by the order—3 Toml. L. Dic. 243; 8 Bac. Abr. 211.

The petition only states or alleges that the defendant Pierce presented a petition to the County Court. It does not allege, nor is there any evidence in the record to prove, that he was in possession of the church property by any order of the County Court or otherwise.

*Wash. Adams,* for respondents.

I. The law organizing Circuit Courts vests them with a superintending control over County Courts and justices of the peace—R. C. 1855, p. 533, § 8. This control can only be exercised by writs of mandamus and prohibition: by mandamus, when the inferior court having jurisdiction refuses to entertain a proceeding, or to perform an act, which the law requires to be done; and by prohibition, where the inferior

court undertakes to do an act, whether ministerial or judicial, over which it has no jurisdiction, or when, having jurisdiction, it is about to proceed in an unlawful manner—R. C. 1855, p. 538, § 36; Thomas v. Mead, 36 Mo. 232.

II. The County Courts are statutory courts, having no power or jurisdiction except such as the statute creating them confers. They cannot entertain any proceedings in the nature of ejectment, or decide upon the rights of parties to real or personal estate; and all proceedings instituted for that purpose would be *coram non judice,* and ought to be prohibited by writs of prohibition from the Circuit Courts. The law creating the County Courts not only does not confer any such power as was exercised, or attempted to be exercised, by the Cooper County Court, but the Legislature itself could not, under the section of the Constitution authorizing such courts to be established, confer the power in question. They are to be created solely for "the transaction of all business of the county," or "for appointing guardians, for granting letters testamentary and of administration, and for settling the accounts of executors, administrators and guardians." (See old Constitution of Missouri, Art. V., § 12.)

III. The Circuit Court having issued the writ of prohibition in this case, had the power, and it was its duty as incidental to the proceedings in prohibition, to make the remedy complete by placing the parties *in statu quo* when the proceedings were commenced. A contempt had been committed by Pierce in acting under the order of the County Court after the institution of the proceedings in prohibition. This contempt might have been punished by attachment and imprisonment, but the court resorted to the milder remedy of restitution by a writ for that purpose.

IV. The very form of the writ of prohibition when it is made absolute comprehends a clause of restoration, and therefore in its very terms requires that, in case judgment shall already have been rendered, the parties must be restored to their rights as they were when the proceedings in prohibition were instituted. (See the form of this writ, 2

Harr. Mod. Ent. 450 ; 6 Went. 245–69.) It is the better authority that even in cases where the proceedings of the inferior courts had been fully carried into execution before any writ of prohibition had been applied for, still it should be issued and used for the purposes of restitution—2 Chit. Prac. 354–5.

HOLMES, Judge, delivered the opinion of the court.

This was a writ of prohibition against the defendant Pierce and the Justices of the County Court of Cooper county, upon a suggestion supported by affidavit, but without an exemplification of the record of the proceedings being filed therewith. The suggestion or petition contains but a very vague and imperfect statement of the facts ; but we are enabled to gather from it, that the defendant Pierce had filed a petition in the County Court praying to have the plaintiffs ejected from the possession of a lot of ground, and a church building, situated thereon, in the city of Boonville. The plaintiffs do not appear to have been made parties to the proceeding, whatever it may have been, and had no notice thereof; but it appears that the County Court proceeded to entertain jurisdiction of the matter, and made certain orders, the effect of which would be to put the petitioner in possession of the premises in question, ejecting the plaintiffs. This was certainly a very summary process of ejectment. We can only say that it is clear for one thing—that the County Court had no jurisdiction to entertain such a proceeding. It was said in the argument that the title to the property was vested in the county, and that the defendant's application was only to have the liberty of taking possession of the church ; but nothing of all this appears on this record. So far as we can see by the record before us, the prohibition was properly granted. The Circuit Court has a superintending control over the County Court (R. C. 1855, p. 533, § 8), and power to issue all writs which may be necessary in the exercise of its jurisdiction according to the principles and usages of law. (Ibid. 36.) A prohibition may issue to forbid any judicial

proceeding beyond the proper jurisdiction of the inferior court—Thomas v. Mead, 36 Mo. 232; Washburn v. Phillips, 2 Metc. 296; *Ex parte* Brandlacht, 2 Hill, 367. As being a summary action of ejectment, this was clearly a judicial proceeding, whatever else may have been intended; and when the Circuit Court has jurisdiction over the subject matter, there can be no doubt of its power to issue this writ against any court of inferior jurisdiction over which it exercises a superintending control—Rees v. Lawler, 4 Bibb, 394.

The defendant did not appear and answer the writ, otherwise than by a motion to quash; which was overruled, and the prohibition was made absolute. This motion was properly overruled.

It further appears that in the judgment which was entered, an additional order was made, upon facts made to appear to the court, directing the clerk to issue a writ of restitution to restore to the plaintiffs the possession of the premises, which (we may infer) had been taken from them by virtue of the orders which had been made by the County Court in disobedience to the prohibition. We find no warrant in any authority for such a proceeding. The proper remedy for a contempt would seem to be an attachment, to be enforced by fine and imprisonment—8 Bac. Abr. by Bouvier, 244. The sheriff's execution shows that he had made restitution, by putting the plaintiffs in possession of the church from which they had been thus unlawfully ejected. The defendant Pierce moved to set aside the judgment for the reason, among others, that this order of restitution was irregular, and his motion was overruled. The justices of the County Court appear to have acquiesced in the action of the court below, and refused to join with the defendant Pierce in this appeal.

On the whole, notwithstanding some irregularities, we do not see but that substantial justice has been done; nor do we think it would be of any material advantage to the defendant here if the judgment should be reversed. The parties have other effectual remedies to settle their respective

rights to the possession of this property—2 Hill, 367. We see no better way than to affirm the judgment, and it is accordingly affirmed.

Judge Wagner concurs; Judge Lovelace absent.