Vitt v. Owens et al.

JOHN T. VITT, Petitioner, v. JAMES W. OWENS et al., Respondents.

1. *County Courts — Repairs of County Buildings — Prohibitions.*—The County Courts have an exclusive jurisdiction over the subject of repairs of county buildings and the removal of the seat of justice. (Gen. Stat. 1865, ch. 36, and ch. 137.) These matters belong to the administrative and ministerial functions of the County Court, and not to the judicial branch of their jurisdiction. And for this reason it has been decided that even a prohibition will not lie from the superior courts of justice to restrain them from proceeding in such matters according to their own judgment and discretion. Even where a court of equity has jurisdiction to grant an injunction to restrain proceedings at law, it is never granted directly against a court, like a prohibition, but only against the persons who are parties to such proceedings, without impeaching the jurisdiction of the court itself.

2. *County Courts — Repairs of County Buildings — Mandamus — Injunction.*— Although, in proceedings touching repairs of county buildings by the County Court, where there is no appeal or writ of error, the Circuit Courts have a superintending control which may be exercised in certain cases and in a proper way, according to the usages and principles of law, yet when the whole subject is placed under the exclusive jurisdiction of the County Court, and involves the public interest and convenience alone, a writ of mandamus will not lie from the Circuit Court to the County Court to stay such proceedings; and in such case the granting of an injunction can only be regarded as a sheer usurpation or an inadvertent assumption of judicial power not conferred by any law. And a petition being filed in this court praying that a prohibition issue to stay further proceedings in the matter of such injunction, the prohibition will be granted, and the injunction proceedings will be treated as a nullity.

In this case no counsel appear of record.

HOLMES, Judge, delivered the opinion of the court.

This is a suggestion on behalf of John T. Vitt, presiding justice of the County Court of Franklin county, representing to us that the defendant, James W. Owens, judge of the Ninth Judicial Circuit of this State, and others who are parties plaintiff in a certain cause pending in the Circuit Court of Franklin county, are proceeding in said cause in respect of a matter over which the said Circuit Court has no jurisdiction, and are therein transgressing the bounds of the lawful jurisdiction of said court. The suggestion is accompanied with an exemplification of the record of

Vitt v. Owens et al.

the proceedings in said cause, and prays for a writ of prohibition. To the rule granted requiring the defendants to appear and show cause why a prohibition should not issue, they severally make return, substantially admitting the facts suggested, and the case is submitted upon a demurrer to the return.

Giving all possible weight to the statements made in this return, there appears to be nothing in it which can afford any justification whatever in support of these proceedings, upon any grounds of law or equity.

It appears by the suggestion that the County Court of Franklin county had taken some steps toward submitting the question of a removal of the county seat of said county to a vote of the people, under the statutes relating to that subject; and further, that in the meantime the court was proceeding to make certain repairs, by them deemed necessary, upon the court-house in the town of Union. It appears further that certain citizens and taxpayers of the county (defendants herein), believing such repairs to be injudicious and unnecessary, filed a petition in the Franklin Circuit Court, stating the facts in detail, and praying the court to grant an injunction against the justices of the County Court to restrain them from any further proceeding in the matter of making such repairs; and, upon application to the judge of the Circuit Court in vacation, a temporary injunction was granted. It appears, also, that the presiding justice of the County Court was afterward committed to jail for an alleged contempt in disobeying said injunction.

The petition (as appears by the exemplification of the record) prayed for an injunction; the order granted is in effect an injunction, and is so called; but, besides the name, we discover no other element or feature in this proceeding which can properly be said to be of the nature of a petition in equity for an injunction. The County Courts have an exclusive jurisdiction over the subject of repairs of county buildings and the removal of the seat of justice. (Gen. Stat. 1865, chap. 36, chap. 137.) These matters belong to the administrative and ministerial functions of the County Courts, and not to the judicial branch of their jurisdiction; and for this reason it has been decided that even a prohibition

will not lie from the superior courts of justice to restrain them from proceeding in such matters according to their own judgment and discretion. (State *ex rel.* West v. County Court of Clark County, 41 Mo. 44.) Even where a court of equity has jurisdiction to grant an injunction to restrain proceedings at law, it is never granted directly against a court, like a prohibition, but only against the persons who are parties to such proceedings, without impeaching the jurisdiction of the court itself. (Sheffield v. Duchess of Buckinghamshire, 1 Atk. 630; Portarlington v. Soulby, 3 M. & K. 107; Adams' Eq. 195.) In this matter of repairs, the County Court was proceeding, of its own motion, in the exercise of its proper jurisdiction, and there were no parties to any suit at law. It is true that in proceedings of this nature, where there is no appeal or writ of error, the Circuit Courts have a superintending control over the County Courts, which may be exercised in certain cases and in a proper way, according to the usages and principles of law. (Titherow v. Grundy County Court, 9 Mo. 117.) It might be exercised in a proper case by mandamus. (West v. Clark County Court, 41 Mo. 44.) But where the whole subject is placed under the exclusive jurisdiction of the County Court, and involves the public interest and convenience alone, as in the matter of establishing or vacating public roads, it has been held that a mandamus will not lie from the Circuit Court. (County Court v. Round Prairie Township, 10 Mo. 679.) We need not undertake to define in what cases the Circuit Court might interfere by mandamus. It is sufficient to say that here was no proper case even for this remedy, and much less for the remedy by injunction. Moreover, there was no equity in the petition on which an injunction could properly be granted. The facts stated made no case that would come under any head of equity jurisdiction for relief. The plaintiffs therein had no greater interest in the matter than any other tax-payers. No injury was done to them, no irreparable damage threatened, in respect of their property or private rights. It was simply a matter affecting the public interest and convenience, and one which the law had submitted to the judgment and discretion of the County Court. Whether that discretion was properly exer-

cised or not, the facts stated in the petition afforded no basis whatever for equitable relief in favor of the plaintiffs, by injunction or otherwise, against the County Court or any other parties defendant. In such case the granting of an injunction can only be regarded as a sheer usurpation, or an inadvertent assumption of judicial power not conferred by any law; and the proceeding must be treated here and for all the purposes of this application as a nullity. It was not merely a trangression of the bounds of the proper jurisdiction of the court or judge, but an exercise of judicial authority where no jurisdiction existed; and there can be no question but that we are fully warranted by the authorities in granting a prohibition. (Thomas v. Mead, 36 Mo. 232.)

Rule absolute. The other judges concur.