ADAM F. TRAINER, Presiding Justice of the Montgomery County Court, Petitioner, v. GILCHRIST PORTER, Judge of the Montgomery County Circuit Court, and THOS. J. POWELL, Respondents.

1. *County Court, acting judicially, not subject to the control of the Circuit Court — Mandamus — Prohibition, at whose instance will lie.* — It is the settled doctrine that where the County Court acts judicially, as on its disapproval of an administrator's sale, the Circuit Court can not control its judgment. And in case of *mandamus* from the Circuit Court to compel the County Court to approve such sale, a writ of prohibition against the former will properly lie, for the reason that, although the Circuit, by its process, obtained jurisdiction of the party, it acquired none over the subject-matter of the action of the County Court; and the writ of prohibition may issue against it at the instance of any one of the parties, or even of a stranger.

*Petition for writ of prohibition.*

*Dryden, Lindley & Dryden*, with *Sanders & Carhner*, for petitioner.

I. *Mandamus* will not lie to compel an inferior tribunal to give a particular judgment, or to reverse a decision where it has once acted. (State *ex rel.* Adamson v. Lafayette County Court, 41 Mo. 224–5; *ex parte* Jesse Hoyt, 13 Pet., Sup. C. U. S., 289–90; *Ex parte* Myra Clark Whitney, 13 Pet. 407–8; *Ex parte* Taylor, 14 How., U. S., 12–13; *Ex parte* Koon, 1 Denio, 645–6; Elkins v. Athearn, 2 Denio, 192–3; The People v. The Judges of Dutchess Common Pleas, 20 Wend. 659; Chase v. Blackstone Canal Co., 2 Pick. 244.)·

II. The functions of the County Court in matters pertaining to their probate jurisdiction are judicial. (Miller v. Iron County,

29 Mo. 122; Jones v. Brincker, 20 Mo. 88 ; State, use of, &c., v. Roland, 23 Mo. 98 ; West v. Clark County Court, 41 Mo. 49 ; Strouse v. Drennan, 41 Mo. 296-7 ; Wilson v. Brown's Adm'r, 21 Mo. 410 ; Speck v. Wohlien, 32 Mo. 130-1 ; Marion County v. Phillips, decided at last October term, but not yet reported ; Tyler's adm'r v. Von Dembusch's adm'r, 42 Mo. 391 ; Roberts v. Casey, 25 Mo. 585 ; Bank & Harrolds v. White et al., 23 Mo. 348 ; Speck v. Wohlien, 22 Mo. 317 ; Strouse v. Drennan et al., 41 Mo. 298.)

III. Even if the duty imposed upon the County Court to. approve or reject was held to be administrative and not judicial, still, as the discharge of the duty involves the exercise of discretion and judgment, *mandamus* would not lie to direct that. discretion and judgment when once exercised, nor to revise or reverse it if unsoundly exercised.   (Dunklin County v. District Court of Dunklin County, 22 Mo. 454 ; U. S. v. Guthrie, 17 How. 284 ; Moses on Mandamus, 78 ; Shepherd's note to Fish v. Weatherwax, 2 Johns. Cas. 217.)

IV. If the Circuit Court has no jurisdiction to proceed by *mandamus*, then prohibition will clearly lie to restrain it in its unlawful attempt to exercise jurisdiction.   (Thomas v. Mead *et al.*, 26 Mo. 246 ; State *ex rel.* West v. Clark County Court, 41 Mo. 41 ; Vitt v. Owens, 42 Mo. 512.)

V. The petition for prohibition may come as well from a stranger as from one in interest.   But in this case it does not come from a stranger.   (Thomas v. Mead *et al.*, 36 Mo. 247, and authorities there referred to.)

*Thos. J. C. Fagg*, with *E. M. Hughes*, for respondent.

I. That the granting of a prohibition in any case is a matter of discretion.   (7 Bac. Abr. 206, and authorities there cited ; 1 Bos. & P. 115 ; 41 Mo. 40.)

II. A writ of prohibition will not be granted in any case where it is apparent that the subordinate tribunal has jurisdiction of the subject-matter.   (7 Wend. 518 ; 4 Bibb, 394.)

III. It does not appear from the suggestions that upon a final hearing before that court that it will assume jurisdiction in the

22—VOL. XLV.

premises and issue a peremptory *mandamus*, if it appears that the parties in interest can then bring the whole matter up in a regular way by appeal or writ of error. (Gen. Stat. 1865, p. 550; 9 Mo. 117; 38 Mo. 300; 41 Mo. 50; 42 Mo. 514.)

IV. This court will not, upon the suggestion of a mere stranger in interest, grant a writ of prohibition.

CURRIER, Judge, delivered the opinion of the court.

This is an application for a writ of prohibition forbidding the further entertainment or prosecution of the proceedings therein described.

The petition shows that one Talbott, late of said Montgomery county, died seized of a large amount of real estate, situated in that county, and that his personal assets were insufficient to pay his debts; that one Pittman was appointed by the County Court of Montgomery county to administer upon said Talbott's estate; that said Pitman, subsequent to his appointment, and in all respects in due conformity to law, advertised and sold at public vendue certain of said decedent's real estate, and that the defendant Powell became the purchaser thereof at such sale, being the highest and best bidder therefor, and that he duly complied with all the terms and conditions of said sale; that said administrator thereupon reported the sale, and all his proceedings in the premises, to said Montgomery County Court for confirmation; that the court, at its November term, 1869, took the same into consideration, and being fully advised in relation thereto, declined to approve the sale, and by its consideration and judgment affirmatively disapproved the same.

The petition then proceeds to show that the defendant, Gilchrist Porter, judge of the Circuit Court of said county, upon the application of the other defendant, setting out and showing the facts aforesaid, on the 25th of November, 1869, issued his writ of *mandamus*, directed to said County Court, and commanding it to approve said sale, or show cause for its failure to do so, at the then next succeeding April term of said Circuit Court; that said *mandamus* proceedings are still pending, and that the same

Trainer, Presiding Justice, etc., v. Porter, Judge, et al.

greatly embarrass the progress of business in said County Court and obstruct the administration of justice therein.

The petition is demurred to, and the facts therein recited thereby admitted to be true. The question is therefore presented whether the petition, upon its face, makes a case which will justify this court in prohibiting the further prosecution of the *mandamus* proceedings complained of; and this raises the further inquiry whether the Circuit Court has jurisdiction of the cause pending before it—namely: the *mandamus* suit.

It is not questioned that the Circuit Court possesses a superintending control over the County Court, and that it may, by its process of *mandamus*, in proper cases, require the latter to proceed with the business before it, and act thereon. It has, however, no authority to determine for the County Court what judgment it shall render, or to require it to reverse its decisions, in matters of judicial cognizance after it has once acted. It is the settled doctrine on this subject that when the subordinate tribunal acts judicially, it must be left free to exercise its best judgment, and that the superior court has no authority to dictate to the former its judgments. (State *ex rel.* Adamson v. Lafayette Co., 41 Mo. 224; Elkins v. Athearn, 2 Denio, 192; People v. Judges of Duchess Co., 20 Wend. 659, and see the cases cited in the opinion of the court.)

That the County Court acted judicially in its disapproval of the administrator's sale, is not disputed. (See State *ex rel.* West v. Clark County Court, 41 Mo. 49, and cases cited.) It is urged, however, that the Circuit Court acquired jurisdiction of the subject-matter of the *mandamus* suit pending before it, and that this court ought not, therefore, to inquire into the manner in which that jurisdiction is being exercised. This proposition contains an erroneous assumption. The court, by its process, acquired jurisdiction of the party, but not of the cause of action, to-wit: the action of the court in disapproving the administrator's sale. That was the *gravamen* of the complaint, and the Circuit Court, as we have seen, had no jurisdiction of it whatever.

It is further insisted that the writ of prohibition ought not to issue for the reason that the proceedings of the Circuit Court may be reviewed in this court, through the medium of successive

appeals or writs of error; and that it does not yet appear what action the Circuit Court may finally take in the premises. These suggestions merited consideration prior to the issue of the preliminary writ; but that writ was ordered, and the case is now here, and may as well be disposed of upon its merits, so that the County Court may at once proceed with its appropriate business.

It is further suggested, as an objection to these proceedings, that the complainant has no personal interest in the contest—that he is a mere stranger to the litigation. If the fact were so, that would not necessarily dispose of the case. In State *ex rel.* West v. Clark County Court, 41 Mo. 49, the judge delivering the opinion of the court says that a prohibition may issue against a court acting without jurisdiction, at the "instance of any one of the parties, or even of a stranger," and cites 36 Mo. 232; 38 Mo. 296; 5 East. 345; 1 Bay, 382; 2 Metc. 296; 23 Ala. 94; 1 Hill, 201. But the presiding justice of the Montgomery County Court, against whom the *mandamus* proceedings are pending, can hardly be regarded as a "stranger" to the controversy. He is a party to it.

Peremptory writ ordered. The other judges concur.