HANNIBAL BRIDGE COMPANY, Respondent, v. BERTHA H. SCHAU-BACKER et al., Appellants.

1. *Eminent domain — Bridge approaches — Appraisement of land — Verdict of commissioners may be set aside by Circuit Court.* — The finding of commissioners appointed to appraise land to be condemned for approaches to a bridge, is not conclusive upon the Circuit Court; but on written exceptions, filed by either party, the court may re-examine the evidence, and, if the verdict of the commissioners was wrong, may set it aside. (Wagn. Stat. 328, § 4.)

*Appeal from Hannibal Court of Common Pleas.*

*Carr*, for appellants, cited Pacific R. R. Co. v. Chrystal, 25 Mo. 544; Louisiana Plank Road Co. v. Pickett, *id.* 535; Cadmus v. Central R.R. Co., 2 Vroom, 179; Hannibal & St. Jo. R.R. Co. v. Rowland, 29 Mo. 337.

*Thos. H. Bacon*, for respondent, cited Holmes v. Arundel, 3 Beav. 303, 305.

BLISS, Judge, delivered the opinion of the court.

The plaintiff instituted, in the Court of Common Pleas of the city of Hannibal, proceedings under the statute to condemn property to be taken for an approach to their bridge across the Mississippi. Part of defendant's property was embraced in the petition, and it is situated under a high rock bluff, which at that point approaches near the river. The whole property consisted of a brewery, malt-house, horse-power to force the water from the river to the brewery, and other appurtenances. The brewery lies in and against the bluff, while the other buildings are upon other lots across a road called Craig's alley, and nearer the river. The petition embraced only the lots upon which the malt-house, pump, etc., were situated, and those lots alone were taken. In reporting their appraisements to the court the committee made a special statement in regard to the brewery; in substance, that there is a malt mill-and horse-power upon the lot taken for the use of the brewery; that the water from the Mississippi is forced under Craig's alley to the brewery for its use; that the building of the railroad over the lots will so interfere with them that those appurtenances to the brewery will have to be removed west of Craig's alley in order to operate the brewery, and recommending that defendants be paid $600 in addition to the price of the lots taken for the injury to the brewery. This amount the court ordered to be paid them.

The defendants' counsel objected to the report, and offered evidence to show that the malt-house, horse-power and pump on the lot taken east of Craig's alley were essential to the brewery, and that it could not be operated without them; that they had

been so connected since 1857, until torn down by the plaintiff's agent when commencing to cut down the grade; that the west side of the alley extends to the base of the rocky bluff 150 feet high, the brewery lot extending up the side of the bluff; that the brewery is partially built into the bluff, the rock having been excavated at great expense; that there is no room to build a malt-mill, horse-power and stable on the brewery lot without excavating a large amount of rock; that the bridge company have graded their track opposite the brewery seven feet below the alley and the brewery; that it has been impossible for defendants to operate the brewery since plaintiff took possession of the property attached to it, and they have been obliged to abandon it. He also offered to show that, since the death of her husband, defendant Barbery, the widow, operated the brewery at a profit of $2,800 annually, for the benefit of herself and the minor heirs of her husband; that before the property was interfered with it was worth $14,000 as a brewery, but it is now rendered useless for that purpose, and is not worth over $2,000 for any other; that the rock could not be excavated for a malt-mill, etc., except at a ruinous expense; that she will be driven to purchase another site for a new brewery or abandon the business; and other facts showing the great injustice done the defendants by the appraisement.

The court refused to hear any evidence upon the subject, but treated the finding of the commissioners as conclusive, and its action in this respect is the principal matter for consideration.

Section 4 of the act concerning appropriations of lands, etc. (Wagn. Stat. 328), provides that "the report of said commissioners may be reviewed by the court in which the proceedings are had, on written exceptions filed by either party in the clerk's office," etc., "and the court shall make such order therein as right and justice may require, and may order a new appraisement upon good cause shown," etc.

The proceedings under this statute are in derogation of the common law and of the general right of every one to have his rights passed upon by a common-law trial. The provisions of the act should be construed strictly against those who avail themselves of them, and liberally in favor of those to be affected by

them. The section above quoted gives the court ample power to review and correct the action of the commissioners, and this supervisory power is by no means confined to technical errors. In clothing corporations with the right to take private property against the will of the owner, the most scrupulous care should be observed to see that no injustice is done him. In making those great improvements in which the public at large are interested, the grant of this power is believed to be necessary, but it is only to be exercised in subordination to the superior right of property in the owner. To treat the opinion of commissioners sent out to view and assess the value of property as conclusive, is to place their finding higher even than a verdict of a jury, who, with their attention confined to a single case, have patiently listened to all the evidence and allegations of the parties. If obviously mistaken, their verdict may and should be set aside by the trial court, although the law gives no such general supervisory power as is given by this statute over the action of the commissioners. The court should have heard the evidence, and, if the facts appeared as claimed, should have exercised the ample power given it by the statute. This is not a common-law proceeding, and the court is not hampered by the technicalities urged by the plaintiff's counsel. Under the facts as offered to be shown, the property of this widow' and her family, upon which they depended for a living, is rendered useless. The compensation awarded was merely nominal. The commissioners made the mistake of supposing that the brewery could still be operated by a moderate expenditure, and upon these matters the court refused to hear evidence. For the error of the court in this regard, its orders, so far as the amount of compensation to defendant is concerned, will be reversed and the cause remanded for further proceedings in regard to such compensation. The other judges concur.