THE STATE EX REL. THE MISSOURI PACIFIC RAILROAD
  COMPANY, Petitioner, v. ABRAHAM J. SEAY,
  JUDGE, ET AL., Respondents.

St. Louis Court of Appeals, December 21, 1886.

| | |
|---|---|
| 23a | 623 |
| 32a | 521 |
| 23 | 623 |
| 34 | 271 |
| 34 | 648 |
| 23 | 623 |
| 36 | 363 |
| 37 | 92 |
| 39 | 50 |
| 23 | 623 |
| 53 | 349 |
| 23 | 623 |
| 113m | 668 |
| 23 | 623 |
| 63 | 420 |
| 23 | 623 |
| 71 | 24 |
| 23 | 623 |
| 84 | 640 |

1. PROHIBITION—PARTIES.—The state is not a necessary party to a writ of prohibition, though the writ may be prosecuted in the name of the state.

2. —— JURISDICTION.—The original jurisdiction of the St. Louis Court of Appeals is not limited by the constitutional provisions relating to its appellate jurisdiction.

3. —— Its jurisdiction to issue a writ of prohibition is, within its territorial limits, concurrent, and its powers co-extensive with the jurisdiction and powers of the supreme court.

4. —— The writ of prohibition is not one of right, and the fact that its issuance may, by arresting the further progress of a cause, deprive the supreme court of its exclusive appellate jurisdiction in a given case, will be considered by the court of appeals in determining whether it will issue the writ.

5. —— Where the jurisdiction of a court depends upon the findings as to contested facts, the decision of such facts, for the purpose of determining the question of jurisdiction, is, *prima facie*, a proper exercise of judicial power, and unless the remedy, by appeal, of the party aggrieved, is wholly inadequate, and the facts call for immediate relief, appellate courts should not issue a writ of prohibition to arrest further action in the cause.

APPLICATION for a writ of prohibition.

*Writ denied.*

THOMAS J. PORTIS and CREWS & BOOTH, for the petitioner: This court has jurisdiction. *In re McDonald*, 19 Mo. App. 532. The trial court had no jurisdiction to act in that case, and its appointment of commissioners was *coram non judice.* See Laws of Kansas ; Charter of the St. L., K. C. & Col. R. R. Co. ; 1 Rev. Stat. of Mo. 1879,

sect. 790 ; Session Acts of Mo., 1881, amending sect. 790, p. 75. "A writ of prohibition issues from a higher to a lower court which is exceeding its jurisdiction, and commands the judge of such court, and the parties to the action, to cease from prosecuting the same on the ground that the lower court has no jurisdiction." Green & Meyer's Mo. Pr. & Pl. 456, 529 ; Bull's Nisi Prius, 219 ; 2 Chitty's Practice, 355 ; *Thomas v. Mead,* 36 Mo. 248 ; *Trainer, etc., v. Porter, Judge,* 45 Mo. 336 ; *Casby v. Thompson,* 42 Mo. 133 ; *Vitt v. Owens,* 42 Mo. 512 ; *The State ex rel. West v. Clarke County,* 41 Mo. 44 ; *Howard v. Pearce,* 38 Mo. 296. "The province of the writ is not necessarily confined to cases where the subordinate court is absolutely devoid of jurisdiction, but is also extended to cases where such tribunal, although rightfully entertaining jurisdiction of the subject matter in controversy, has exceeded its legitimate powers." High's Extra. Rem., sect. 781, p. 623 ; *Quimbo Appo v. People,* 20 N. Y. 531 ; *The State v. Lewis,* 76 Mo. 370 ; *Att'y Gen'l v. Railroad,* 36 Wis. 489 ; *The State v. Laughlin,* 7 Mo. App. 530 ; *Railroad v. Commissioners,* 127 Mass. 50 ; *Henshaw v. Cotton,* 127 Mass. 60.

NOBLE & ORRICK, for the respondents : Prohibition issues only from the court having appellate jurisdiction. High on Extra. Remedies ; *Ex parte Gordon,* 1 Black. 503 ; *Ex parte Warmouth,* 17 Wallace, 64. When the supreme court has jurisdiction it is exclusive. Const. of of Mo., Amendm't 1883 ; Resolution of Gen'l Assembly, approved March 29, 1883 ; Laws 1883, sect. 5, pp. 215-216. An appeal or writ of error will lie, and all questions of power or public use, or endeavor to agree, can then be tried. *Railroad v. Evans & Howard Fire Brick Co.,* 85 Mo. 23, and cases cited. When there is other remedy, prohibition will not lie. *Wilson v. Berkstresser,* 45 Mo. 383, and other authorities in High on Extraor-

dinary Remedies; *The State ex rel. v. Lubke*, 85 Mo. 338; *The State ex rel. Morse v. Burckhartt*, 87 Mo. 533.

ROMBAUER, J., delivered the opinion of the court.

The Missouri Pacific Railway Company, as relator, in the name of the state of Missouri, applied for a writ of prohibition against Seay, Judge of the circuit court of Franklin county; the St. Louis, Kansas City & Colorado Railroad Company, a foreign corporation, and O'Shea, Gentry, and Fisher, commissioners appointed by the Franklin county circuit court, to ascertain the points and manner of the crossing of the relator's railroad by the proposed railroad of the defendant company, and to assess the damages, if any, arising to the relator by the location, construction, maintenance, and operation of such crossing.

The relator's petition states, that the defendant company applied to the Franklin county circuit court, for the appointment of commissioners for the above purpose. That the relator appeared and filed written objections to such appointment, which being overruled it applied for an injunction to the judge in chambers, to restrain the further prosecution of such condemnation proceedings, which was also denied, and that the commissioners appointed, unless prohibited by the writ prayed for in this proceeding, would proceed to act in the premises.

The writ is prayed for on the ground that the defendant company is attempting to usurp the powers of a domestic corporation; that it is not authorized to exercise such powers either by the laws of the state of its creation, or by the laws of this state; that it has not complied with the provisions of its own charter by constructing, maintaining, and operating its lines of railroad in the state of Kansas to the boundary line of Missouri, or elsewhere, but began the construction of a

Vol. xxiii—40

railroad in the counties of St. Louis and Franklin, in the state of Missouri, on the extreme eastern side of this state, and several hundred miles from the boundary in the state of Kansas. The petition of the relator further states that unless these condemnation proceedings are prohibited by the order of this court, it will suffer irreparable injury, and that it has no remedy adequate in the premises, save the interposition of this court by the writ prayed for.

The petition was presented on the twelfth of October last, and an *ex parte* hearing had thereon, neither of the defendants being represented. The necessity of immediate action was strongly urged upon the court, and we made an order on that day upon all the defendants, citing them to show cause why the writ, as prayed for, should not be granted. This order was served on Judge Seay and the commissioners the succeeding day, and the defendant company entered its voluntary appearance before the return day thereof.

Subsequently, in due time, the defendants appeared and showed cause by return. The return of Judge Seay states, in substance, that by the petition presented to him by the defendant company, and its appearance thereto by the relator, it sufficiently appeared that the Franklin county circuit court had jurisdiction in the premises, both over the subject matter and the parties, and that he overruled the relator's objections to the defendant's petition, after due consideration, and if he committed any error therein, the relator had its remedy by appeal, or writ of error. That, as he is advised, the defendant commissioners had performed the duty assigned to them, and filed their report prior to the relator's application for a writ of prohibition, and that subsequently the relator filed in the Franklin circuit court, exceptions to said report, which are still pending and undetermined.

The defendant commissioners made return to the

order, in which they state, among other things, that they were appointed commissioners, as stated in the petition, on the ninth day of October, 1886, and pursuant to such appointment duly qualified, and that on the twelfth day of October, 1886, they filed their report in the clerk's office of the Franklin county circuit court, by which report they fixed the manner and location of the crossing of the relator's railroad, by the road of the defendant company, and the damages arising to the relator therefrom. That the crossing thus fixed is an overhead crossing, spanning the entire right of way of the relator's railroad, the abutments of such crossing being located on the right of way of the defendant company.

The defendant company also filed its return, in which it denies, under the oath of its president, the facts stated in the relator's petition, as far as they relate to a non-compliance on its part with the provisions of its own charter, and denies that it has not constructed, maintained, or operated its line of railroad, or any railroad in the state of Kansas to the boundary line of Missouri. It avers that it has built its road in a large part in the state of Kansas, and to the boundary line thereof, and has extended its road as a complete railroad from the state of Kansas into the state of Missouri, and is building the part of the road where it crossed the relator's road as a part of the entire road, and that such road will be built in good faith and without delay.

The return further states the application for an injunction on the part of the relator before Judge Seay, which application raised the same questions as are raised here. Also that the commissioners had performed their duty, and filed their report before the application for this writ was made, and before they or the defendant company had any notice that such application would be made.

The relator demurred to the return of Judge Seay and to that of the defendant company, and took issue on

the commissioners' return by reply. As the defendant company's return, however, states all the facts of any importance, in the same manner and to the same effect as the return of the commissioners, the case may be treated as if all returns had been demurred to raising the naked question, whether the returns show cause sufficient for denying the writ.

The questions presented by the returns have been fully and ably argued, orally and by briefs, and the arguments made cover a wide range. We do not intend to discuss all the points made on the argument in detail, but shall confine ourselves to such as must necessarily control our decision.

The objection that this proceeding should have been instituted by the state's attorney, and can not be prosecuted at the relation of a private person or corporation, is not tenable. The proceeding, it would seem, may be in the name of the state. *The State ex rel. v. Clark Co.*, 41 Mo. 44; *The State ex rel. v. Burckhartt*, 87 Mo. 533. But even that is not necessary, as the supreme court has frequently granted the writ upon application of individuals on their own behalf, without making the complaint run in the name of the state. *Thomas v. Mead*, 36 Mo. 247; *Howard v. Pierce*, 38 Mo. 293; *Vitt v. Owens*, 42 Mo. 512; *Trainer v. Porter*, 45 Mo. 336.

Nor have we any doubt as to the jurisdiction of this court in the premises. The mere fact that the controversy may, or even does involve questions of which the supreme court has exclusive appellate jurisdiction, does not oust this court of its original jurisdiction. Upon writs which this court issues in the exercise of its original jurisdiction, that jurisdiction, within its territorial limits, is the same as that of the supreme court. Const. of Mo., art. 6, sect. 12. The constitutional amendment of 1883 (Laws 1883, sect. 5, pp. 215, 216), relates to the appellate jurisdiction of this court only. Both the

Kansas City Court of Appeals and this court, have had occasion to point out that distinction, and the question, under the language of the constitution, is free from doubt. *In re McDonald*, 19 Mo. App. 370; *Ex parte Boenninghausen*, 21 Mo. App. 270.

But while our power is clear, the question whether we ought, or whether we ought not, to exercise it in any given case, is a different one, and it may well be argued, that this court ought not to exercise the power except in cases where the exigencies of the particular case make the exercise of the power an imperative duty in order to prevent the miscarriage of justice, because in exercising the power, and prohibiting the lower court from proceeding in a cause, it may deprive the supreme court of its appellate jurisdiction in that cause.

The writ of prohibition is not, like the writ of *habeas corpus*, a writ of right. It is a writ, the award of which is to be governed by the discretion of the court applied to the facts presented by the individual case. It should never be granted against an inferior tribunal, except in cases where the usurpation of jurisdiction by that tribunal is clear. In *Thomas v. Mead* (*supra*), the first precedent for issuing the writ in this state, the court said: "In a case like this, without example in the history of the state, involving matters of the highest moment in the government, important for the honor and dignity of the judiciary, and essential to the peace and order of society, and in which the law is clear and the jurisdiction certain, we can not hesitate to make the first precedent." In *Vitt v. Owens* (*supra*), where the circuit court attempted, by injunction, to restrain the county court on a subject placed by law within the exclusive jurisdiction of the county court, the supreme court granted the writ on the ground that the injunction issued was not a mere transgression of jurisdiction, but an exercise of judicial authority where none existed. It has also been held in other jurisdictions that though the court has the power

to issue the writ, it should never exercise it except in a very clear case calling for an immediate remedy. *The State v. Allen*, 2 Ired. 183.

The circuit court has power to hear and determine petitions in condemnation proceedings, and while that jurisdiction is statutory and limited, the law provides ample means to prevent its erroneous exercise, as it is settled that appeals lie from its judgments in such proceedings. *Railroad v. Lackland*, 25 Mo. 527; *Hannibal Bridge Co. v. Schaubacker*, 49 Mo. 555; *Ring v. Miss. Bridge Co.*, 57 Mo. 496; *Railroad v. Campbell*, 62 Mo. 585; *Railroad v. Brick Co.*, 85 Mo. 307. That a foreign corporation may avail itself of the right of condemnation conferred on domestic corporations, is provided by statute. Rev. Stat. 1879, sect. 790; *Gray v. Railroad*, 81 Mo. 136. In this case, therefore, the main facts tending to establish the jurisdiction, are matters of statute law. It is true that other facts, resting *in pais*, and determining the jurisdiction of the trial court, are alleged in the petition, but the truth of the petition in that regard is controverted by a return under oath, and that fact of itself was held sufficient for denying the writ in one instance. *The State v. Allen*, 2 Ired. 191.

To determine, in the first instance, its own jurisdiction, as far as the same rests upon contested facts, is a legitimate exercise of the judicial powers of any tribunal, and though it may err in such determination, its so doing is not a usurpation of judicial authority, but error, for which the proper remedy of the party aggrieved is by appeal. It must be an extraordinary case indeed, and one calling for immediate relief, which will justify an appellate tribunal to try a jurisdiction depending on contested facts, by prohibition.

It is settled that *mandamus* does not lie, where the party aggrieved has a remedy by appeal. *The State ex rel. v. Lubke*, 85 Mo. 338. By parity of reason-

ing prohibition, which is but a negative *mandamus*, should not lie, unless, at least, the case presents features clearly indicative of the fact that the remedy by appeal is wholly inadequate.

No such facts appear in this case. The trespass upon the relator's property (assuming that it is a trespass), is, at most, a constructive one. The erection of an elevated roadway, which does not touch the ground of the relator's right of way, and which is of sufficient height above the defendant's road so as not to interfere in any manner with its maintenance and operation, or the traffic thereon, can not possibly be an irreparable injury to the relator. This is a palpable physical fact of which we are bound to take notice. The continuance of this mischief during the pendency of the condemnation proceeding, and until the determination of an appeal thereon, can in no view of the facts be so ruinous to the relator as to call for immediate relief, and to justify this court in interfering in the relator's behalf by the extraordinary writ of prohibition.

All these considerations lead us to overrule the relator's demurrers to the returns, and to deny the writ. All the judges concurring, it is so ordered.