### ILLEGAL PROCEDURE AGAINST A CIVIL SERVICE COMMISSIONER.

Court of Appeals for Hardin County.

JAMES E. LEWIS v. GEORGE H. LINGREL, MAYOR OF THE CITY OF KENTON.

Decided, February 24, 1916.

*Writ of Prohibition—May be Invoked by the Injured Party—Procedure for Removal of a Civil Service Commissioner—Mayor Exceeds His Jurisdiction—Charges Generally Stated in the Words of the Statute Insufficient—Investigation by the State Civil Service Commission Not a Prerequisite.*

1. A writ of prohibition may issue, in a proper case, upon the application of a person in his own behalf to prohibit an inferior tribunal from exercising jurisdiction, not possessed by such tribunal, to the injury of such person.

2. The chief executive of a city has no jurisdiction under Section 486-19, General Code, to try a municipal civil service commissioner on a charge of inefficiency, neglect of duty or malfeasance in office, which charge contains no averments of the facts which constitute such inefficiency, neglect of duty or malfeasance in office. And in such a case prohibition is a proper remedy.

3. An investigation of the official conduct of a city civil service commissioner by the state civil service commission or the making of a report of such investigation in writing to the chief executive authority of such city, is not a condition precedent to filing or prosecution of charges of official misconduct against such city civil service commissioner before such chief executive.

*Johnson & Johnson* and *Price & Price,* for plaintiff.
*C. M. Cessna,* City Solicitor, contra.

ROBINSON, J.

On the 22d day of January, 1916, the plaintiff filed his petition in this court, alleging that the defendant, George H. Lingrel, is the duly elected, qualified and acting mayor of the city of Kenton, Ohio; that the plaintiff is an elector of said city; that on the 13th day of March, 1915, by the consideration of Charles

R. Price, then mayor of said city of Kenton, he was appointed a member of the municipal civil service commission of said city for the unexpired term of four years ending January 1, 1918; that on said 13th day of March, he qualified and ever since has been acting as such civil service commissioner; that on the 18th day of January, 1916, the defendant herein, through the registered mail of the United States, notified him that he had been charged with "inefficiency in office, neglect of duty in office, and malfeasance in office" as a member of said civil service commission of the city of Kenton, Ohio, and that he had been removed from said position and office, said removal to take effect January 26, 1916, unless a hearing was demanded on said charges and on such hearing such charges were not sustained; that on the 20th day of January, 1916, the plaintiff demanded of the defendant a copy of said charges, an opportunity to be publicly heard in person and by counsel in his own defense; that the said George H. Lingrel, mayor as aforesaid, refused to furnish plaintiff with a copy of such charges, and notified the plaintiff that the hearing on said charges would be set for Saturday, January 22, 1916, at 9 o'clock; that on the 22d day of January, 1916, at the mayor's office in Kenton, Ohio, the plaintiff appeared in person and by counsel and objected to said George H. Lingrel, mayor as aforesaid, proceeding with the hearing on said charges or in any way exercising jurisdiction in said matter; that said objections were made in the form of a motion, which motion was overruled by said mayor; that no investigation as to whether the said plaintiff, as a member of said civil service commission, was violating or failing to perform the duties imposed by law, or was wilfully or through any culpable negligence violating the provisions of law or failing to perform his duties as a member of such commission, was ever made by the state civil service commission and no report of any violation or failure to perform his duties as such commissioner was ever made by said state civil service commission to the mayor of the city of Kenton, Ohio, or made a public record by said mayor; that the plaintiff can not defend against said charges unless he be furnished with specifications, stating with substantial certainty the particular act or acts or the omis-

sions thereof which constitute his inefficiency, the particular duty or the omission thereof which constitute his neglect of duty, and the particular acts which constitute his malfeasance in office; that the said George H. Lingrel, mayor, is threatening to and will, unless restrained by the order of this court, proceed without authority of law, to hear and determine said charges; and that the plaintiff is without a remedy at law.

Upon the filing of this petition, a temporary writ prohibiting the defendant from further proceeding in said matter was issued out of this court.

This cause then came on for hearing upon the motion of the defendant to dissolve the temporary writ of prohibition for the reasons that the facts stated and the allegations contained in plaintiff's petition, and upon which said writ was issued, are insufficient, if proved, to sustain said writ and that said petition does not state facts sufficient to constitute a cause of action against the defendant.

The court has treated this motion as a general demurrer.

The first question which presents itself to the court is, whether this action is properly brought in this court by the plaintiff in his individual capacity, or whether the same should not have been brought in the name of the state.

The right to a writ of prohibition originally belonged to the sovereign, and was issued by the sovereign to restrain inferior courts from assuming jurisdiction which they did not possess. But through the years the right to the writ has been enlarged until it has become a remedy which either the state or any party or person aggrieved may invoke in a proper case. And while the usual way of invoking the writ has been by the state on relation of the complaining party, there is now, in this country at least, abundant authority for the injured party to invoke the writ in his own behalf. *Trainer* v. *Porter*, 45 Mo., 336; 32 Cyc., 625.

The next proposition which presents itself for the determination of the court is, whether the defendant in this case was so far exceeding his jurisdiction in proceeding to hear and determine the alleged charges against the plaintiff as require this court to interfere by this extraordinary remedy.

The chief executive of a city has only such jurisdiction to try and remove a civil service commissioner as the statute gives him, and his office is essentially ministerial rather than judicial.

Section 486-19 of the General Code provides—

"That the chief executive authority of such city may at any time remove any municipal civil service commissioner for inefficiency, neglect of duty, or malfeasance in office, having first given to such commissioner a copy of the charges against him and an opportunity to be publicly heard in person or by counsel in his own defense, and any such act of removal shall be final."

This provision gives to the chief executive of a city jurisdiction which in its nature is judicial in the matter of removing a city civil service commissioner, and provides that such commissioner, before his removal, shall be furnished with a copy of the charges against him and shall have an opportunity to be heard in person and by counsel.

The charges filed against the plaintiff herein before said chief executive were in the following words:

"Mr. J. E. Lewis. You are hereby charged with the following, as a member of the Civil Service Commission of the city of Kenton, Ohio, to-wit:

"1. Inefficiency in office.

"2. Neglect of duty in said office.

"3. Malfeasance in office.

"Any one of said charges, if true, is a cause for removing you from said office.

"You are therefore notified that you are removed from said position and office as a member of the Civil Service Commission of the city of Kenton, Ohio, to take effect on January 26, 1916, unless a hearing is demanded on said charges before said time and upon said hearing said charges are not sustained.

"If you desire a hearing on said charges you will notify me at once.

"Witness my hand and official seal at Kenton, Ohio, this 18th day of January, A. D. 1916. George H. Lingrel, mayor of the city of Kenton, Ohio. Seal."

The charges are in the words of the statute only and embody no facts apprising the accused of what facts constitute his ineffi-

ciency, what things he has neglected to do which he should have done, or what things he has done which he should not have done. And said charges are made by the said George H. Lingrel as mayor of said city.

In the case of *State, ex rel Meader et al*, v. *Sullivan*, 58 Ohio State, 504, the Supreme Court had occasion to pass upon a similar statute pertaining to the members of the board of equalization, and involving a similar power conferred by said statute upon the mayors of cities. And in so doing it declared that the power so conferred upon a mayor "is a special authority, and must be strictly pursued. Such power can not be exercised arbitrarily, but only upon complaint, and after a hearing had in which an officer is afforded opportunity to refute the charge made against him. Nor has the mayor in such case authority to proceed to a hearing until charges have been preferred which embody facts that, in judgment of law, constitute neglect of duty or misconduct in office, and of which the accused has had due notice."

And again, in the case of *State, ex rel Attorney-General*, v. *Hoaglan et al*, 64 Ohio State, 532, said court holds:

"When a public officer may be removed for specified causes, such facts must be stated as in judgment of law constitute the cause relied on."

The charges filed against this plaintiff do not contain any facts by which the plaintiff might be apprised of the accusations which he would be required to meet, nor any facts which in judgment of law constitute inefficiency in office, neglect of duty in office or malfeasance in office.

We are therefore of the opinion that there were no charges filed against the plaintiff which gave to said George H. Lingrel, mayor, jurisdiction to proceed to the hearing and determination of the question attempted to be raised by the so-called charges filed; and since neither appeal nor error from such judgment of the mayor can be prosecuted, a writ of prohibition is plaintiff's only remedy.

The time elapsing between the 18th day of January, 1916, and the 26th day of January, 1916, the day set for said hearing,

we think was sufficient notice had the charge contained sufficient facts to place the plaintiff upon trial.

We are of opinion that an investigation by the state civil service commission, and the filing of the report of such commission, is not a condition precedent to the filing of charges against a city civil service commissioner. We, however, are of opinion that no public officer, whether his duties be ministerial or judicial, ought to place himself in the position of being both the accuser and the judge of the accused. The accused is entitled to a fair and impartial trial and to a judgment by an unbiased tribunal, and that next to the duty of the officer, acting in a judicial capacity, to render a righteous judgment is that of doing it in such a manner as will beget no suspicion of unfairness or partiality. The propriety of an incumbent of any tribunal making the charges which his duties require him to hear and pass upon is, to say the least, questionable.

The writ of prohibition is therefore made perpetual, prohibiting said George H. Lingrel, as mayor of the city of Kenton, Ohio, from proceeding to try the said James E. Lewis upon the charges as now filed before said mayor.

CROW, J., and KINDER, J., concur.