THE STATE OF MISSOURI, *ex rel.*, JOHN M. MARTIN *et al.*, Appellants, v. JESSIE BUCKNER *et al.*, Respondents.

St. Louis Court of Appeals, May 30, 1893.

Alteration of Boundary of School District: LIMITATION AS TO ASSESSED VALUATION OF PROPERTY. Under section 7972 of the Revised Statutes of 1889 a change of the boundary line between two school districts, which left one of the districts with property of an assessed valuation of less than $30,000, was permissible only if such district contained within its limits nine square miles, or more, of territory.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*L. H. Mushgrave,* for appellants.

*John A. Patterson,* for respondents.

BOND, J.—This is a proceeding by *mandamus* brought in the circuit court of Greene county to compel

the teachers and trustees (respondents) of Coleman school district number 5, township 30, range 24, to admit the children of the relator to all the privileges of said school district. It is conceded by the relator that prior to April, 1889, he was a resident of Flat Rock school district, which adjoins the Coleman school district. He claims that in April, 1889, by a change of the boundary line between the two districts his residence was changed to the Coleman district. The contention of the defendants is that the attempted change of boundaries was illegal and void, and therefore the relator was not a resident of Coleman school district, and that his children were not entitled to attend school therein. There was a judgment for the defendants, from which an appeal was taken, wherein the only error assigned was the refusal by the court to give the following declaration of law:

"That there are three classes of schools provided for in section 7972, code, 1889, relating to the change of boundary lines of school districts: *First*, where the districts changed have each thirty pupils; *second*, where there is $30,000 taxable property in a changed district; *third*, where there is an area of nine square miles in the district."

In lieu of the above, the court declared the law as follows, to-wit:

"The court declares the law to be that no school district could have been formed in 1889 with less than thirty pupils and $30,000 worth of taxable property, unless said district contained nine square miles of territory."

On the trial it was admitted that Flat Rock school district after the change of boundaries had within it less than $30,000 worth of taxable property, namely, $23,000, and that neither district contained at any time as much as nine square miles of territory.

The statute in existence at the time of the proceedings to change the boundaries of said two districts (Revised Statutes, 1889, section 7972) was as follows:

"*Provided, however*, that no new district shall be created, or boundary line changed, by which any district shall be formed containing within its limits, by actual count, less than thirty pupils of school age, or by which any district shall be left containing within its limits, by actual count, less than thirty pupils of school age, or by which any district shall be formed or left with less than $30,000 assessed valuation at the time, unless such district shall contain within its limits nine square miles or more of territory."

The plain import of the foregoing statutory language is that thereunder two conditions were affixed to the formation of school districts: *First.* That such school district, whether newly created or altered by change of boundaries, should not contain within its limits less than thirty pupils of school age. *Second.* Or less than $30,000 assessed valuation, unless it contained nine square miles of territory.

The evident purpose of the legislature in adding the alternative of nine square miles to the last condition was to guard against the necessity which might otherwise arise in sparsely settled communities of sending the children too great a distance to reach school facilities. But this forethought on the part of the legislature does not do away with either of the prescribed conditions; it can only be a substitute for the latter, provided the first is shown to exist.

Under the admitted facts in this record neither school district contained as much as nine square miles of territory, although the Flat Rock school district contained less than $30,000 of taxable property. It follows that neither the two conditions prescribed by statute, nor the first condition and the substitute for the

second existed with reference to the Flat Rock school district after its limits were lessened by the change of boundary line. The result is that such change was without statutory authority, and cannot be made the basis of a *mandamus* to compel the admission of the relator's children into a school district of which he is not lawfully a resident.

Although the statutory conditions have been abridged by the Act of 1891, p. 206, section 1, striking out the second condition and its substitute, still they existed in full vigor when this proceeding was begun, and the circuit judge committed no error in declaring the law in accordance with the statutes then prevailing.

The judgment is affirmed. Judge Biggs concurs. Judge Rombauer is absent.