SCHOOL DISTRICT NUMBER 14, CLINTON COUNTY, MISSOURI, Respondent, v. ANNA L. SIMS, County School Commissioner, et al., Appellants.

Kansas City Court of Appeals, May 1, 1916.

1. PROHIBITON, WRIT OF: School Districts: Boundaries. A school district filed a petition for a writ of prohibition against respondents, to prohibit them from assuming and exercising as a board of arbitration jurisdiction over an appeal to the commissioner in a proceeding to change the boundary between two' adjoining school districts: First, because the proceeding was an attempted encrouchment upon District No. 14 for the mere acquisition of territory by District No. 27, there being neither voters nor persons of school age residing in the territory in question and, second, because the petition presented to the clerk of District No. 14 was signed only by qualified voters in District No. 27, and, therefore, was insufficient. *Held,* that the court erred in sustaining the motion for judgment on the pleadings.

2. ————: Jurisdiction. If the existence of jurisdiction depends on contested facts which the inferior tribunal is competent to inquire into and determine, prohibition will not be granted.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes, Judge.*

REVERSED.

*F. B. Ellis* and *W. S. Herndon* for respondent.

*Frost & Frost* for appellants.

JOHNSON, J.—School District Number 14 in Clinton county filed its petition in the circuit court for a writ of prohibition against the respondents who were the School Commissioner of that county and four arbitrators appointed under the provisions of section 10837, Revised Statutes, 1909, to prohibit them from assuming and exercising as a board of arbitration jurisdiction over an appeal to the Commissioner in a proceeding to change the boundary between adjoining school districts numbered 14 and 27. The board had not convened and its right to meet, hear and determine the cause was attacked in the petition on the ground of a lack of jurisdiction in the board (first) because: The proceeding was an attempted encroachment upon District No. 14 for the mere acquisition of territory by District No. 27, there being neither voters nor persons of school age residing in the territory in question, and, (second) because the petition presented to the clerk of District 14 was signed only by qualified voters in District 27 and, therefore, was insufficient. A preliminary writ was issued commanding respondents to appear in court on a date stated therein to show cause why a peremptory writ should not be issued.

Respondents appeared and filed an answer and return which alleged the following facts: In March, 1915, a petition signed by ten qualified voters residing in the two districts was presented to the respective district clerks in which the area desired to be detached from District 14 and added to its neighbor was clearly and accurately defined. Thereupon the respec-

193 App. 31

tive clerks caused a notice to be posted in five public
places in each district at least fifteen days before
the annual school meeting and election which set
forth a true description of the proposed change in the
boundary line and notified the qualified voters that the
question of changing the line would be submitted to
the voters at the annual meeting and election to be
held in each district April 6, 1915. The election was
held pursuant to the notice and the proposal to change
the boundary was carried in District 27 but lost in District 14. Afterward and within the time prescribed
in the statute (sec. 10837) the directors of District
27 filed an appeal with the school commissioner in
which they prayed that as superintendent of public
schools she would appoint four arbitrators and with
them "inquire into and determine as the law directs,
the necessity of said proposed change in said boundary lines and that the same be granted as prayed for
in the petition."

Pursuant to the appeal the Commissioner appointed the respondent arbitrators but, as stated, the present suit was filed and the preliminary writ issued before any proceedings were taken by the board thus
created in the exercise of jurisdiction over the cause
appealed. Plaintiff then filed a motion that the preliminary writ of prohibition be made absolute "because the petition of the relator and the answer and
return of respondents show that the relator is entitled
to the relief demanded." The motion was heard and
sustained, judgment was rendered accordingly and respondents appealed.

The absence from the return of a specific denial
of the averments in the petition that the territory involved in the change contained neither voter nor resident of school age, and that the sole object of the
proposed change was the acquisition of territory by
District No. 27, affords the principal support invoked

for plaintiff's contention that the commissioner exceed-
ed her authority under the statute in appointing arbi-
trators, and that the extraordinary remedy of prohibi-
tion properly was invoked to prevent a usurpation of
power by the inferior tribunal thus sought to be cre-
ated.

The statute provides (sec. 10837) that no boun-
dary line between two school districts shall be changed
"by which any district shall be left containing within
its limits by actual count less than twenty persons
of school age," or by which one district shall en-
croach upon the other "simply for the acquisition
of territory."

Where the territory which it is proposed to de-
tach from one district and add to the other contains
no resident of school age, the charge that the sole pur-
pose of the change is territorial aggrandisement by the
district to be benefited would seem to be conclusively
proved, and in such case the board of arbitrators
would have no authority under the statute to change
the boundary. But the statute does not require that
the petition to change a boundary line shall state
either that the change, if made, will not leave a dis-
trict without twenty persons of school age or that it
is made simply for the acquisition of territory, and
the rule is well settled that the notice of election
will be deemed sufficient if it is as broad as the peti-
tion. "The important thing for the voter to know
was how his district was to be affected by the change
of boundary and what particular territory his dis-
trict would lose.      .   .   .  by changing said boun-
dary line. Of all this the notices and petitions fully
informed the voter and this was sufficient." [State
ex rel. v. Job, 205 Mo. 1;   Mason v. Kennedy, 89 Mo.
1. c. 30.]

The proceedings leading up to the appeal to the
commissioner (superintendent) conformed to the stat-

utory requirements and the appeal having been taken in proper form and time, the superintendent acquired jurisdiction of the matter and properly complied with the statute in the appointment of "four disinterested men, resident taxpayers of the county" to sit with her as a board of arbitration whose duty it became "to consider the necessity for such proposed change and to render a decision thereon which decision shall be final." [State ex rel. v. Andrae, 216 Mo. 1. c. 636; School District v. Chappel, 155 Mo. App. 1. c. 511.]

The Supreme Court hold in the Andrae case: "The petition for appeal is the document upon which the superintendent first acts. If this petition shows that there had been a valid election held in the two interested districts upon the questions submitted, and that one district voted in favor of the proposition and the other against it, and this appeal is taken in five days, then the superintendant acquires jurisdiction of the matter and can act."

Having acquired jurisdiction of the subject-matter and parties the board, as an informal and inferior tribunal, had authority to consider and determine the following issues: First, Is the proposed change necessary? Second, Is it for the mere acquisition of territory? And, third, Will it leave the curtailed district with fewer than twenty persons of school age?

The statute contemplates and intends that the decision rendered by the tribunal determining these issues shall be final, i. e. not subject to review on appeal, or proceedings in error, and certainly not subject to collateral attack. It could be reviewed and set aside on *certiorari,* but only for a lack, or excessive exercise, of jurisdiction appearing on the face of the record. As is well said in School District v. Chappel, supra, 1. c. 509: "The statute devolves it upon the board of arbitrators to find the fact as to the

necessity for the change of the boundary line between the two districts and to determine as well that its purpose was not for the mere acquisition of territory by one district from the other.''

Manifestly the board should not be deprived by extraordinary process of the very jurisdiction it was called into being under the statute to exercise. The board was duty bound to inquire into and determine whether or not the proposed change was simply for the acquisition of territory and the presumption must be indulged that it would perform its duty and not disobey the mandate of the statute. Upon its decision of such issue its jurisdiction to order the change depended, but until it violated such duty and attempted to proceed in excess of lawful jurisdiction no cause for extraordinary relief could arise.

The rule is firmly established that if the existence of jurisdiction depends on contested facts which the inferior tribunal is competent to inquire into and determine, prohibition will not be granted. [Coleman v. Dalton, 71 Mo. App. 14; State ex rel. v. Mills, 231 Mo. l. c. 500.] ''To determine, in the first instance, its own jurisdiction, as far as the same rests upon contested facts, is a legitimate exercise of the judicial powers of any tribunal, and though it may err in such determination, its doing so is not a usurpation of judicial authority, but error for which the proper remedy of the party aggrieved is by appeal. [State ex rel. v. Seay, supra.] If the inferior court has jurisdiction over the subject-matter in a controversy, a mistaken exercise of that jurisdiction or of its acknowledged powers, will not justify a resort to the extraordinary remedy by prohibition. It is never allowed to usurp the functions of a writ of error or *certiorari,* and can never be employed as a process for the correction of inferior tribunals. [State ex rel.

Burckhartt, 87 Mo. 533; State ex rel v. Mills, supra, l. c. 500.]

It is clear the learned trial court erred in sustaining the motion for judgment on the pleadings. It was not required of respondents to allege more in their return than the facts which showed that the board was properly created and had become vested with jurisdiction of the matter. As we have shown the fact, if it be a fact, that the change was simply for the acquisition of territory and, therefore, that the board would come to a point where it would find itself compelled to deny the proposal to change the boundary, was entirely beside the question of jurisdiction "to consider the necessity for such proposed change and render a decision thereon," and afforded no ground for the interruption by prohibition of the exercise by respondents of their lawful authority to consider and determine the matter of which they had unquestionable jurisdiction.

The judgment is reversed. All concur.