SCHOOL DISTRICT NO. 14, Appellant, v. SCHOOL DISTRICT NO. 27, Respondent.

Kansas City Court of Appeals. April 2, 1917.

1. **SCHOOL DISTRICTS: Change of Boundary: Fraud.** Though the proceeding to change the boundaries of two school districts before a board of arbitrators is informal, yet if the finding and judgment of the arbitrators is conceived and procured in fraud they will be set aside.

2. ———: ———: **Acquiring Territory: Fraud.** Though in the finding and judgment of a board of arbitrators to change the boundaries between two school districts, it is recited that the finding was not made in order to acquire territory by one at the expense of the other, yet if there was fraud in the procurement of the finding and judgment they may be annulled in a direct proceeding.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burns,* Judge.

OCTOBER TERM, 1916. 505

School Dist. No. 14 v. School Dist. No. 27.

REVERSED AND REMANDED.

*W. S. Herndon* and *F. B. Ellis* for appellant.

*Frost & Frost* for respondent.

ELLISON, P. J.—Plaintiff and defendant are adjoining school districts in Clinton county. Defendant district undertook to change the boundaries between the two and begun proceeding for that purpose as authorized by section 10837, Revised Statutes 1909. That proceeding resulted in a board of arbitrators, formed under this statute, deciding to take from plaintiff district certain territory and attach it to defendant district. The finding and decision were written and entered upon the records. Afterwards plaintiff district filed the present bill to set aside that judgment on the ground of fraud and that the board had no jurisdiction to render it. Defendant filed a demurrer on the ground that the petition did not state a cause of action. This was sustained and plaintiff appealed. The case was before this court on another occasion on petition for a writ of prohibition (School District No. 14 v. Sims, 193 Mo. App. 480) where the writ was denied.

The statute aforesaid provides "that no new district shall be created or boundary line changed by which any district shall be formed containing within its limits by actual count less than twenty persons of school age, or by which any district shall be left containing within its limits by actual count less than twenty persons of school age. . . . That in changing the boundary line between two established districts, one district shall not encroach upon the other simply for the acquisition of territory."

The petition sets out the finding and judgment of the arbitrators whereby it appears that certain lands were taken from plaintiff district and attached to defendant district. And it is set out in said finding and judgment "that said change is not simply for the acquisition of territory by school district 27, and that by

said change there will not be left in either of said districts less than twenty school children of school age, and said change is accordingly ordered."

It will be noticed that the finding and judgment, while stating that the change is not simply for the acquisition of territory by defendant district, and that neither district will be left with less than twenty persons of school age, omits to find that there were any persons of school age residing in the territory taken from plaintiff district and attached to defendant. If there were no school children on these transferred lands, no other reason being assigned, it is manifest that the change was merely to acquire more territory; and while it is stated in the filing of the board, in the language of the statute, that that was not the object, yet no finding is made on the important fact, whether there were any children on such lands. If it had been found that there were no children living on the transferred lands, the judgment would have been void on its face, in the absence of any valid reason appearing why vacant and uninhabited lands should be lost by one district and acquired by the other. [State ex rel. v. Sims, 193 Mo. App. 480, 483.]

It is alleged in the petition as a fact that there are no children, or other inhabitants, on the transferred lands and the change in boundary did not change a single child from one district to the other, and that the lands were taken merely to acquire territory for defendant district. It is further charged that the omission to find the fact that the acquired or transferred land was uninhabited was for the fraudulent purpose of changing the boundaries in the face of the direction of the statute. Taking the petition in its entire scope, we think that it is sufficiently charged that there was fraud in the procurement of the judgment.

In the case stated by plaintiff there ought to be some relief. The position taken by defendant illustrates the necessity. It is provided by the section of the statute above quoted from that there is no appeal; and, defendant says, in effect, there is no remedy. It is

## OCTOBER TERM, 1916. 507

State ex rel. v. School Dist. No. 5.

true that when the jurisdiction of an inferior tribunal depends upon facts to be .determined by it, it has as much right to decide as to its jurisdiction as has a superior court of general jurisdiction (State. ex rel. v. Shields, 237 Mo. 329; Coleman v. Dalton, 71 Mo. App. 24), but that rule does not interfere with the further rule that if there is fraud in the procurement of the judgment it is subject to attack in a direct proceeding.

If the facts are as charged to be in the petition the judgment changing the boundaries should be annulled. [State ex rel. v. Buckner, 54 Mo. App. 452; School District 14 v. Sims, 193 Mo. App. 480, 483.]

We have not overlooked the decisions by the Supreme Court and the St. Louis Court of Appeals that the proceedings before the arbitrators are informal (State ex rel. v. Andrae, 216 Mo. 617; School District v. School District, 181 Mo. App. 583), but it is clear that those cases, do not apply to case resulting in a judgment procured and conceived in fraud.

The judgment will be reversed and the cause remanded. All concur.