SCHOOL DISTRICT NO. 35, et al., Plaintiffs in Error, v. SCHOOL DISTRICT NO. 32, et al., Defendants in Error.

Springfield Court of Appeals, December 5, 1921.

**SCHOOLS AND SCHOOL DISTRICTS: Statute Held to Preclude District from Adding Territory from Other District Simply for Revenue to be Derived.** Under Revised Statutes 1919, section 11201, providing that, in changing the boundary lines between two established school districts, one district shall not encroach on the other simply for the "acquisition of territory," a district could not add to its territory a portion of other districts which was uninhabited by persons of school age, merely to obtain revenue from such territory, on the theory that it needed such revenue to properly conduct its schools and that revenue was not needed by the other district.

Error to the Taney Circuit Court.—*Hon. Fred Steward,*
Judge.

REVERSED AND REMANDED (*with directions*).

*W. R. Adams* and *Moore, Barrett & Moore* for plain-
tiffs in error.

(1)  The court did not err in sustaining the demurrer
and dismissing the plaintiffs' bill.  O'Malley v. Mo. Pac.
Ry., 113 Mo. 319, l. c. 325; 2 Thompson on Trials, sec.
2242; Boland v. Railroad, 36 Mo. 484; Davis v. Thomp-
son, 209 Mo. 192, l. c. 196.    (2)  The petitions presented
to the clerks and the notices posted up were sufficient,
and in substantial compliance with the law, and the
voters of each district acted upon them by voting on said
proposition to change the boundary line.  Mason v. Ken-
nedy et al., 89 Mo. 23, l. c. 30; State ex rel. v. Job, 205
Mo. 1, l. c. 28.    (3)  The appeal to the superintendent
of schools was properly taken in time, on April 5, 1919,
and the Board of Arbitrators appointed by said superin-
tendent was properly and legally selected and appointed.
R. S. 1919, sec. 11201; State ex rel. v. Wilson, 99 Mo. App.
675, l. c. 679.    (4)  That on the 14th day of April, 1919,
and within fifteen days after said annual election, the
Board of Arbitrators met, and after hearing the matters
in controversy, rendered their decision, finding that "a
necessity does exist for the change asked for by said
petition, and do therefore find that said change should
be made according to the petition, and do therefore sus-
tain the appeal."  Which finding and judgment is a full
compliance with the law.  School District No. 35 v. Hod-
gin, 180 Mo. 70, l. c. 79; State ex rel. v. Andre et al.,
216 Mo. 617, l. c. 638; State ex rel. v. Sexton, 151 Mo.
App. 517, l. c. 522; State ex rel. v. Job, 205 Mo. 1, l. c.
33; School Dist. v. School Dist., 181 Mo. App. 583, l. c.
592; School Dist. v. Chappel, 155 Mo. App. 498, l. c. 507;
State ex rel. v. Gibson, 78 Mo. App. 170; State ex rel.
v. Young, 84 Mo. App. 90.    (5)  A general finding for

one party is equivalent to a declaration of law that upon all the facts found such party is entitled to recover, and is sufficient to support the judgment. Cochran v. Thomas, 131 Mo. 258; Gieser Mfg. Co. v. Todd, 204 S. W. 287, l. c. 291; School District No. 14 v. School Dist. No. 27, 195 Mo. App. 504, l. c. 506.

BRADLEY, J.—School District No. 35 of Taney County and its board of directors, as plaintiffs, commenced in the circuit court a suit in equity against School District No. 32 of said county and its board of directors, as defendants, to set aside, cancel and annul certain proceedings by which District No. 32 claimed certain territory theretofore in District No. 35. The learned chancellor sustained a demurrer to the evidence offered by plaintiffs in support of their cause, and dismissed the bill, and plaintiffs bring the cause here by writ of error.

District No. 35 is a common school district and lies on the east side of White River. District No. 32 is what is designated as a town school, has six directors, and lies on the west side of White River, and includes the town of Forsyth. The two districts join, and prior to the proceedings here complained of the middle of White River was the line between them. District No. 32, the Forsyth District, maintains a high school, while No. 35 teaches only the common branches usually taught in the common country school district. The Forsyth District at the school elections in April, 1919, proceeding under the provisions of section 11201, Revised Statutes 1919, sought to have certain territory then belonging to District No. 35 detached therefrom and added to its territory. The petition asked for the submission of "the proposition to extend the boundaries of said district so as to take in that portion of territory lying adjacent to said district," then follows the description of the territory sought. The territory described is composed, principally if not entirely of the east half of what is generally spoken of as the White River dam, a valuable property owned by the Ozark Power & Water Co. The proposition was sub-

mitted at the annual election in 1919 in both districts, and carried in the Forsyth District and was defeated in District No. 35. An appeal was taken in accordance with section 11201, and the board of arbitration decided in favor of the change of boundary as petitioned for in the first instance by the Forsyth District.

Plaintiffs challenge the sufficiency of the petition for the change, the notices, proceedings and findings of the board of arbitrators. Some of these may not be in the best form, but it is not necessary to go into these features. The value of the territory taken from plaintiff district and added to defendant district is something like $200,000, and it is admitted that no person of school age inhabits this territory. In fact no person of any age resides in this territory, and cannot because of its very nature. The Forsyth District now has all of the Ozark Power & Water Co. property at the dam site, valued at $400,000, whereas before the proceedings complained of said district had only one-half of said property. Section 11201, Revised Statutes 1919, specifies what changes may be made, and what shall not be made and therein it is provided that "in changing the boundary line between two established districts, one district shall not encroach upon the other simply for the acquisition of territory." The Forsyth District says that it does not seek the extension of its boundary line for the *territory* that is gained, but for the *revenue* it will derive *from* the territory; that it needs this property to be able to properly conduct its school, and that District No. 35 can conduct its school without this territory with an assessment no greater than it, the Forsyth District, will have to make to conduct its school with the added territory. In other words by taking this territory off District No. 35 and adding it to the Forsyth District school taxes will be more nearly equalized in the two districts. We cannot agree with this construction of section 11201. In School District No. 14 v. School District No. 27, 195 Mo. App. 504, 193 S. W. 694, where similar issues to those in the case at bar were involved, the court said: "If there were no

school children on these transferred lands, no other reason being assigned, it is manifest that the change was merely to acquire more territory; and while it is stated in the finding of the board, in the language of the statute, that that was not the object, yet no finding is made on the important fact whether there were any children of such lands. If it had been found that there were no children living on the transferred lands, the judgment would have been void on its face, in the absence of any valid reason appearing why vacant and uninhabited lands should be lost by one district and acquired by the other.''

Learned counsel for the Forsyth District say that by reason of the expression ''no other reason being assigned'' in the above excerpt the inference is that some other reason other than the acquisition of territory could exist where the territory is not inhabited. That expression may lend color to the defendant district's contention, but no illustration or example was pointed out in that case, and we can think of none. If the territory sought to be taken is uninhabited we think that section 11201 prohibits its acquisition. The cause is reversed and remanded with directions to enter up a decree in accordance with the prayer of plaintiffs' petition. *Cox, P. J.*, and *Farrington, J.*, concur.