School Dist. 42 v. School Dist. 45:

SCHOOL DISTRICT NO. 42, Audrain County, Missouri, Appellant, v. SCHOOL DISTRICT NO. 45, Audrain County, Missouri, Respondent.

St. Louis Court of Appeals. Opinion Filed October 2, 1923.

1. **SCHOOLS AND SCHOOL DISTRICTS: Changing Boundary Lines: Statute: Evidence: Presumption.** Where a board of arbitration in fixing the boundary line between two school districts found that there was a good cause and a necessity for such change, its decision excludes the idea that the proposed change in the district boundaries was sought for the purpose of enabling one district to encroach upon the other simply for the acquisition of territory, such being a question that the board was in duty bound to inquire into and determine, and the presumption is that it did not disregard the inhibition of section 11201, Revised Statutes 1919.

2. ———: ———: ———: ———: **Change Beneficial to Children Reaching School Age: Good Cause for Changing Boundary Line.** Evidence that the proposed change in the boundary lines of two school districts would render it possible for children reaching the school age in the added portion of the district to attend school in such district, and render the schoolhouse in such district more accessible, shows a good cause and a necessity as contemplated by the statute for changing the boundary line of the two districts.

3. ———: ———: ———: **Portion of District Not Inhabited by Persons of School Age: Right of Voters to Petition and Change Be Voted on Not Prevented Thereby.** The sole fact that no child of school age resided in the territory acquired by a school district did not prevent the voters therein from filing a proper petition requesting that the matter of such change be voted on by the voters of each district affected, and the proposed change determined in the manner provided by section 11201, Revised Statutes 1919.

4. ———: ———: ———: **Notice Describing Proposed Change of Boundary Line: Sufficiency.** Where the notice of the proposed change in the boundary lines of two school districts described the boundary line as commencing at a definite and fixed point, then running a certain fixed course and ending at a definite and fixed point, and the district referred to in the notice was well known to the residents of such school districts, *held* the notice was sufficient to describe the proposed change in the boundary lines of the two districts affected.

Appeal from the Circuit Court of Audrain County.—
*Hon. Ernest S. Gantt,* Judge.

AFFIRMED.

*Fry & Fry* for appellant.

(1)  Plaintiff's motion to strike the answer from the
files should have been sustained.  If the taxpayers, who
filed this answer, desired to contest this action, they
should have proceeded under the Statute, and, by order
of the court, made themselves parties defendant.  While
they may have been interested as taxpayers, the action
was not instituted against them; they were not made
parties; and, without an order of court, they were inter-
lopers and had no right to file an answer, for the defend-
ant School District.  Secs. 1274 and 1275, R. S. 1919;
McLaughlin v. McLaughlin Admr., 16 Mo. 242;  Young
v. Glascock, 79 Mo. 574;  Courtney v. Sheeley, 38 Mo.
App. 290;  Merrill v. City of St. Louis, 83 Mo. 244;  State
ex rel. v. Fleming, 158 Mo. 558.  This is a suit against
stockholders on an amended petition.  The officers and
the corporation are two different persons.  Thompson v.
Allen, 86 Mo. 85;  Hall v. School District, 36 Mo. App. 21.
(2)  A valid election in each of the two districts is the
necessary prerequisite to give the County School Com-
missioner jurisdiction to proceed to form his board of
arbitration to consider and determine the necessity of
the proposed change.  School Dist. No. 4 v. Smith, 90
Mo. App. 215.  (3)  The petition alleged that territory at-
tempted to be detached was not inhabited by any child
of school age, and the evidence before the Board of Ar-
bitration showed that fact and it was not disputed.  That
being the fact the board was without statutory authority
to make the change.  Sec. 1201, R. S. 1919;  School Dis-
trict No. 14 v. School District No. 27, 195 Mo. App. 504;
Dist. No. 14 v. Sims, 193 Mo. App. 481;  State ex rel.
Martin v. Buckner, 54 Mo. App. 452.  (4)  A change of
boundary adding only uninhabited territory is in viola-

tion of Sec. 11201, R. S. 1919, and said section precludes a district from adding territory from other district simply for revenue to be derived. School Dist. No. 14 v. School Dist. No. 27; 195 Mo. App. 504; School Dist. No. 35 v. School Dist. No. 32, 235 S. W. 470. (5) If the Board of Arbitrators had jurisdiction to determine the controversy between the two school districts as to a change of the boundary line, yet where the facts show that the territory sought to be detached from District 42 and attached to District 45 had no child of school age residing on said territory, its judgment was void for want of jurisdiction. State ex rel. v. Spencer, 164 Mo. 48; State ex rel. v. Spencer, 166 Mo. 279; Carter v. Bolster, 122 Mo. App. 143. (6) The residence of children of school age is a condition precedent to acquisition of territory from one district to another. This being the case, the board had no authority to take our territory in which no children of school age resided, and attach it to theirs. This was a fraud in law. Especially is this so in view of the fact that the court held in case of School District v. Sims, 193 Mo. App. 480, that a writ of prohibition would not lie to prevent this wrong. Consequently, the appellant seeks the aid of a court of chancery. The appellant has no remedy at law, consequently this bill, no appeal lies. Akerman v. Green, 201 Mo. 243; Morris v. Morris, 128 Mo. App. 673. (7) The designation in the notice of these School Districts as Macedonia and Pine Districts render the notices void. Sec. 11187, R. S. 1919, provides for renumbering of districts in each county and such districts are only numbered and exist as they are so numbered. Therefore, there are no such districts as Macedonia and Pine in Audrain county. In the case of Globe F. Co. v. District, 51 Mo. App. 549, the court held the contract invalid which did not correctly designate the district. Therefore, it is clear that the notice of the election must fully and clearly describe the school districts by their proper number.

*Rodgers & Buffington* for respondent.

BRUERE, C.—This is- a suit in equity, brought by School District No. 42 of Audrain county against School District No. 45 of said county, to set aside, cancel and annul the finding and decision of a board of arbitration changing the boundary line between said two districts. Upon trial of the issues in the case, judgment was rendered for the defendant and plaintiff prosecutes the appeal.

It appears that pursuant to the provisions of section 11201, Revised Statutes of Missouri, 1919, a petition was presented to the district clerk of each of said school districts, for the purpose of submitting to the voters of said districts a proposition to change the boundary line between these two districts, so that seventy-five acres of territory, situated within district No. 42 and on which Messrs. Herndon and Oestreich lived with their families, would be attached to district No. 45. That thereupon the clerks of each of said districts posted the required notices in each district, as required by said statute, and at the annual school meetings in the two districts, a majority of the voters of district No. 42 voted against said proposition and a majority of the voters of district No. 45 voted in favor thereof. An appeal was filed, within the time prescribed in the statute, with the county superintendent of public schools and that officer, in accordance with the statute, appointed four disinterested men, resident taxpayers of Audrain county, to constitute together with himself a board of arbitration to consider the necessity for such proposed change and render a decision thereon. The board of arbitration found that there was a good cause and a necessity for a change in the boundary sought, and ordered a change of boundary lines to be made in accordance therewith.

The petition states that the order and judgment of said board of arbitration is fraudulent and void and that said board was without jurisdiction to make the same. The grounds assigned therein, and urged here, for setting aside the judgment of said board are as follows:

"The territory, described in the said petition signed

43—211 M. A.

by the ten taxpayers of said districts, did not have any children or a child in said territory of school age at the time of the signing of said petition or since said time, and said territory was not separated from the remainder of district 42 by any stream of running water and was not an island in any navigable stream in this State, which facts were well known to the said petitioners at the time of signing and presenting their said petition to the clerks of said school districts aforesaid. That the attempted change of boundary line does not and did not change any, child of school age from district 42 to district No. 45 by reason of said changes; that said pretended change simply added to district No. 45 and took from district No. 42 the said territory merely for the acquisition of valuable territory by district No. 45 in violation of the Statutes of Missouri.,

"That said order was void and said board without jurisdiction for the reason that said petition and notice did not definitely and clearly describe the land to be detached from district No. 42 and added to district No 45. They did not state and describe any certain tract of land to be detached or taken from district No. 42 and added to district No. 45. . . . They refer to such territory as said territory owned by Amil Oestreich and Phillip Herndon and now belonging in Macedonia school district 'No. —,' when there was no such district as 'Macedonia district 'No. —.' The land ordered to be detached did not belong to said parties, but embraced twenty (20) acres belonging to Barnie Parrish. They did not describe and locate the existing boundary line between said district 42 and 45 and show the proposed change in the same. The petition and notice give but three sides of a tract of land, do not locate the county and State where located and do not state what change is asked for." .

The evidence showed that only one child resided in the territory that was detached from district No. 42 and attached to district No. 45. This child, at the time of the transfer, was between two and three years old and was the adopted child of Mr. Herndon. The evidence further

showed that Mr. Oestreich intended adopting a child that was or would be ready to go to school at the time in question; that a large stream of water, known as Saling creek, ran in a southwesterly direction through the seventy-five acres, involved in this suit, and west of the homes of said Herndon and Oestreich; that said stream at frequent intervals became impassible on account of high water; that the school house, belonging to school district No. 42, was west of said stream and the school house in district No. 45 was east thereof. The evidence also showed that the distance from the homes of said Herndon and Oestreich to the school house in district No. 42 was two and a half to two and three-quarters miles, while the school house in district No. 45 was located a mile to a mile and a half from said homes.

It is contended by counsel for plaintiff that, inasmuch as the facts show that the territory sought to be detached from district 42 and attached to district 45 has no child of school age residing in said territory, the judgment of the board or arbitration is void for want of jurisdiction. It is claimed that section 11201, Revised Statutes, 1919, provides that residence of children of school age is a condition precedent to acquisition of territory from one district to another, and that the finding and judgment of said board of arbitration was a fraud in law.

We cannot bring ourselves to subscribe to this view. The statute does not say that no change in the boundary line of two school districts shall be made unless a child of school age resides in the acquired territory, but merely provides "that, in changing the boundary line between the two established districts, one district shall not encroach upon the other simply for the acquisition of territory." The statute gives the board of arbitration the authority to consider the necessity for the proposed change and to render a decison thereon, and provides that the decision rendered by said tribunal shall be final.

In the case at bar the board of arbitration, among other things, found that there was a good cause and a

necessity for a change in the boundary line between the two school districts. Its decision excludes the idea that the proposed change in the boundary lines of the two districts was sought for the purpose of enabling one district to encroach upon the other simply for the acquisition of territory. Whether or not the proposed change was simply for the acquisition of territory was a question which the board was in duty bound to inquire into and determine, and the presumption must be indulged in that it did not disregard the statutory inhibition.

Furthermore, the undisputed evidence shows that the proposed change in the boundary lines of the two districts was sought because it was impossible for Mr. Herndon's child, when it reached school age, or for the child that Mr. Oestreich intended to adopt and take into his home, to regularly attend school in district No. 42. This for the reason that the school house in district No. 42 could not be reached from the homes of said Herndon and Oestreich without crossing Saling creek, and because said stream at frequent intervals became impassible on account of high water.

Another reason for the change in question was that the school house in district No. 45 was situated east of Saling creek (on the side of the creek where the homes of Herndon and Oestreich were located) and was a mile and a quarter nearer to said homes than was the school house in district No. 42.

We think that under the evidence there was a good cause and a necessity shown, as contemplated by the statute, for changing the boundary line of the two districts. The sole fact that no child of school age resided in the territory acquired by school district No. 45 did did not prevent the voters therein from filing a proper petition, requesting that the matter of such change be voted on by the voters of each district affected and the proposed change determined in the manner provided by said section 11201.

Counsel for plaintiff, in support of their said contention, relies on the case of school Dist. No. 35 v. School

Dist. No. 32, 210 Mo. App. 284, 235 S. W. 470, and on the case of School Dist. No. 14 v. School Dist. No. 27, 195 Mo. App. 506, 193 S. W. 634. The first case was decided by the Springfield Court of Appeals. In that case the territory sought to be taken was uninhabited and entirely used by the Ozark Power & Water Company as a dam site. It was admitted that the land was being acquired for the purpose of revenue alone. The court held, and rightly so, that because of the provisions of said section 11201, "a school district could not add to its territory a portion of other districts which was uninhabited by persons of school age, merely to obtain revenue from such territory, on the theory that it needed such revenue to properly conduct its schools and that revenue was not needed by the other district."

The second case relied on by plaintiff was decided by the Kansas City Court of Appeals upon a demurrer to the petition; the ground of said demurrer being that the petition did not state a cause of action. The petition, *inter alia*, alleged that there were no inhabitants on the transferred lands; that the change in boundary did not change a single child from one district to the other and that the lands were taken solely to acquire territory. It was further alleged that the omission by the board of arbitration to find the fact that the acquired land was uninhabited was for the fraudulent purpose of changing the boundaries in the face of the direction of the statute. The Kansas City Court of Appeals, in sustaining the petition, says: "If there were no school children on these transferred lands, *no other reason being assigned*, it is manifest that the change was merely to acquire more territory. . . . If it had been found (by the board of arbitration) that there were no children living on the transferred lands, the judgment would have been void on its face, *in the absence of any valid reason appearing why vacant and uninhabited lands should be lost by one district and acquired by the other.*"

The facts in the above two cases are entirely different from the facts in the case at bar, and what was de-

cided in said cases, on the issues therein presented, is not in conflict with the views herein expressed.

Coming to the second ground assigned in the petition, and urged here, for setting aside the judgment of the board of arbitration, we think that the notices sufficiently described the proposed change in the boundary line of the two districts affected. The notice given of the proposed change by school district 42 follows the description of the proposed change as stated in the petition and is the same as that given by school district 45, except as to the named number of the respective district. The notice given by school district 45 states that notice is given to the qualified voters of district 45, county of Audrain, State of Missouri; that the annual school meeting of said district, would be held at the place and day therein named and that among other things specified by the law it would be proposed and considered to change the boundary line of the district. The boundary line proposed to be established is therein described as follows:

"Beginning at the Northeast corner of section 16, Township 42, Range 12, known as Pleasant Grove corner, between Amil Oestreich farm and Pleasant Grove church, and running west one-fourth of a mile, thence north one-half mile, thence east one and four tenths mile to section line, said territory owned by Amil Oestreich and Philip Herndon and now belonging in Macedonia School District."

The Macedonia school district, referred to in the notice, was well known to the residents of school district No. 42 and No. 45, and to the county at large, as said school district No. 42.

The boundary line described commences at a definite and fixed point, then runs certain given courses and distances and ends at a definite and fixed point; thus described it is apparent that the description is good.

Entertaining the view as herein expressed it results in the conclusion that the judgment of the trial

court should be affirmed. The commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the county of Audrain is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.